### Case No. 5,460.

#### GIRARD v. WARE et al.

[Pet. C. C. 142.] [1]

Circuit Court, D. Pennsylvania. April Term, 1815.

##### MARINERS' WAGES.

1. Seamen, forcibly put on shore by the captors, from a vessel, which was afterwards ransomed, and arrived at her port of destination, navigated from the place of capture, by a new crew, the owners not having given the original crew an opportunity to rejoin the vessel; are entitled to wages, subject to a contribution for the ransom.

[Cited in Van Beuren v. Wilson, 9 Cow. 160.]

2. The nett proceeds of the ship and cargo, at the port of discharge, and not the invoice cost of the cargo; with the wages of all the persons belonging to the ship; must contribute to the ransom.

The ship Montesquieu, belonging to the appellant, sailed from Canton, on her return to Philadelphia, in November, 1812; and in March, 1813, was captured, within the capes of Delaware, by the British blockading squadron; her crew were put on shore, forcibly, by the captors, and they arrived at Philadelphia. Mr. Girard, after the capture, negociated with the enemy, for the ransom of his ship; and had a flag of truce granted to him, by the government, to carry down the ransom money, which amounted to one hundred and eighty thousand dollars, to Sir John Beresford, who commanded the squadron. The vessel, which carried the money, also took down hands to navigate the ship up to Philadelphia. As soon as the appellees heard of the ransom, which, however, was not until after the vessel with the ransom money had left Philadelphia, they called at the appellant's counting house, and offered their services to bring up the ship; but they were informed, that the appellant had left directions that they were not to be employed. The ship, with her cargo on board, arrived in safety at Philadelphia, her port of destination. This suit was brought to recover the

¹ [Reported by Richard Peters, Jr., Esq.]

wages of the crew, who had been put on shore, by the captors, from one half of the time that the vessel was at Canton, to the time of her arrival at Philadelphia; the wages for the outward voyage, and for the other half of the time the ship remained at Canton, having been paid.

Peters, for appellees, contended that they were entitled to recover their full wages, subject to a contribution, with the ship and cargo, according to the nett value of both, at the port of Philadelphia. He cited 1 Esp. 237; 3 Esp. 36; 3 Mass. 37; 2 Mass. 39; Chit. Law Nat. 98; Hart v. The Littlejohn [Case No. 6,153]; Howland v. The Lavinia [Id. No. 6,797]; Singstrom v. The Hazard [Id. 12,905]; Story, Abb. 508, 510, 512, 395, 396; 4 East, 560; 2 N. Y. Term R. 284, 291; 8 Term R. 276, and also the case of Mason v. The Blaireau, 2 Cranch [6 U. S.] 240, and of Bond v. The Cora [Case No. 1,620].

On the other side, Messrs. Dallas and Ingersoll, contended that no wages were due, if a crew do not perform the whole voyage; and another crew are hired to complete it; but if they are entitled to wages, only the invoice price of the cargo, should contribute. Story, Abb. 509; Lord Raym. 1211.

The invoice price was, one hundred sixty-four thousand seven hundred and forty-four dollars. The sales of the cargo at Philadelphia, amounted to four hundred eighty-eight thousand six hundred and fifty-five dollars. The ship was worth from fifteen to twenty thousand dollars.

G. M. Dallas and Ingersoll, for appellant. Peters and Delany, for appellees.

WASHINGTON, Circuit Justice. The court is of opinion, that the appellees, having been separated from the ship, by the captors, and forcibly put on shore, are entitled to their full wages, from half the time the ship remained at Canton, to their arrival at Philadelphia; subject to contribution, on account of the ransom; notwithstanding the appellant hired other persons, to bring the ship to Philadelphia. The appellees were not bound to offer themselves to perform this service, before they knew of the ransom; and that offer, then, to do it, being rejected by the appellant, they are in no default. This opinion is formed, upon an attentive examination of all the cases.

The nett proceeds of the whole cargo, on board, whether belonging to the appellant, the master, supercargo, or any other person, according to its amount, at the port of Philadelphia; and the value of the ship, together with the wages of the appellees, and of the officers of the ship; must contribute towards paying the ranson.

It was referred to the clerk, to ascertain the rate of contribution, to be deducted from their wages; and a decree was given for the balance.